1                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF CONNECTICUT
2
                                    )
3     UNITED STATES OF AMERICA,     )   No. 3:17-mj-01418-SALM
                                    )   141 Church Street
4                  vs.              )   New Haven, Connecticut
                                    )
5     FAREED AHMED KHAN.            )   September 5, 2018
                                    )
6     ─────────────────────────────

                      TRANSCRIPT OF FRYE HEARING
7
                BEFORE THE HONORABLE SARAH A.L. MERRIAM
8
                  UNITED STATES MAGISTRATE JUDGE
9
      APPEARANCES:
10    For the Plaintiff:       VANESSA RICHARDS, AUSA
                               United States Attorney's Office
11                             1000 Lafayette Boulevard
                               10th Floor
12                             Bridgeport, CT 06604

13    For the Defendant:       FAISAL GILL, ESQ.
                               The Gill Law Firm
14                             1155 F Street
                               Suite 1050
15                             Washington, DC 20005

16

17    Also Present:           VARUNA TEJWANI, Interpreter

18    ECR Operator:           FTR-CR4

19                          Paul T. Abramson
                               eScribers
20                       7227 N. 16th Street
                            Suite #207
21                       Phoenix, AZ 85020
                          (973) 406-2250
22

23

24

25

Colloquy

1              (4:03 O'CLOCK, P.M.)

2           THE CLERK:  (Mid-sentence) the Honorable Sarah

3    Merriam now presiding.

4           THE COURT:  Good afternoon, everybody.  Please be

5    seated.

6           MS. RICHARDS:  Good afternoon, Your Honor.

7           MR. GILL:  Good afternoon, Your Honor.

8           THE COURT:  We're here in the matter of United States

9    v. Fareed Khan.  Case number is 3:17-mj-1418.  I'll take

10   appearances of counsel, please, for the record, beginning with

11   the Government.

12          MS. RICHARDS:  Good afternoon, Your Honor.  Vanessa

13   Richards for the Government.

14          THE COURT:  Good afternoon.

15          MR. GILL:  Good afternoon, Your Honor.  Faisal Gill

16   for the defendant.

17          THE COURT:  Good afternoon.

18          THE INTERPRETER:  Your Honor, this is interpreter,

19   Varuna Tejwani.

20          THE COURT:  Thank you.  May I inquire, have you had

21   an opportunity to exchange a few words with Mr. Khan?

22          THE INTERPRETER:  I did.

23          THE COURT:  And does he understand you?

24          THE INTERPRETER:  He does.

25          THE COURT:  And do you understand him?

Colloquy

1           THE INTERPRETER:  Perfectly.

2           THE COURT:  All right.  Then I'll have the

3    interpreter sworn.

4                       (INTERPRETER, Sworn)

5           THE COURT:  All right.  We're here in this matter for

6    what is commonly known as a Frye hearing.  This hearing has

7    been convened at the request of counsel for the Government.

8    And the purpose of a Frye hearing is to ensure that a

9    defendant has received notice of an offer from the Government

10   to enter into a plea agreement.

11          Plea bargains, according to the Supreme Court, have

12   become such an important part of this process that it is

13   essential that the Court confirm that if a plea offer has been

14   made by the Government, that that offer has been communicated

15   to the defendant, that he's had an opportunity to speak to

16   counsel about it, and to confirm whether he wishes to accept

17   or reject such an offer.

18          The purpose of this hearing is only to ensure that

19   you understand what's been communicated from the Government's

20   attorney to your attorney, and to make sure you know your

21   options.  I want to be sure you understand that the Court has

22   no opinion or interest in the question of whether you should

23   or should not enter into a plea agreement.

24          THE DEFENDANT:  I understand.

25          THE COURT:  All right.  So I want to make sure you

Colloquy

1    understand that the decision of whether to plead guilty or not

2    guilty, and the decision of whether to accept any particular

3    offer from the Government, is yours and yours alone.  Do you

4    understand that?

5              THE DEFENDANT:  Yes, I do.

6              THE COURT:  All right.  I'll have you two be seated.

7    And I think, Ms. Richards, what we should do is begin --

8    first, you can take a seat, sir.

9              First, with the charges pending in the complaint --

10   I'd like to go through that question first of what he has been

11   charged with, what the plea offer contemplates he would plead

12   to, and, if it applies, what other charges might be brought if

13   the Government were to proceed to the grand jury with this

14   case.

15             MS. RICHARDS:  Certainly, Your Honor, thank you.  So

16   as Your Honor is aware, the defendant was arrested on a

17   criminal complaint.  That criminal complaint charged him with

18   a violation of Title 18, United States Code 1001, which is

19   essentially a false statement allegation.  It alleges that --

20   it is alleged that the defendant lied in the course of an

21   investigation being conducted by the FBI.  And that was the

22   basis for the criminal complaint.

23             The plea agreement that the defendant was offered,

24   which takes the form of a ten-page letter that was directed to

25   his counsel, contemplates that he would plead guilty to that

Colloquy

1    count to what's called a basic 1001 violation.

2            I'm happy to go through the terms of the plea

3    agreement if Your Honor would like, or at least the material

4    terms.  So --

5            THE COURT:  Let me first inquire whether the

6    Government has expressed to Mr. Gill, and through him, to Mr.

7    Khan, any intention to charge Mr. Khan with anything other

8    than what is set forth in the information?

9            MS. RICHARDS:  Yes, Your Honor.  From the very

10   nascent stages of this case, we had communicated both to Mr.

11   Hayes, who is Mr. Gill's (sic) prior attorney, and then as

12   well to Mr. Gill, that the Government's intention was --

13   ultimately, if we can come to a resolution that was mutually

14   beneficial -- that he would be charged with what's called an

15   enhanced 1001.

16           Enhanced 1001 is essentially a similar provision.

17   It's Title 18, United States Code 1001.  But in that case, we

18   would be alleging, and we would need to prove, that Mr. Khan

19   actually lied in the course of a terrorism investigation.

20   Were the Government to succeed in that allegation at trial,

21   and were the defendant to be convicted, that enhancement

22   changes not only the statutory maximum that he could face if

23   he were convicted in terms of a prison sentence, it also

24   changes his guideline range, because different enhancements

25   apply.  And again, I'm happy to explain the difference and go

Colloquy

 1    through the difference at Your Honor's direction.

 2         THE COURT:  All right.  So let me begin by making

 3    sure, Mr. Khan, before we review the plea agreement that's

 4    proposed, this question of the charge.  You could stand.

 5         So you're currently charged in a criminal complaint

 6    with making a false statement.  Do you understand that?

 7         THE DEFENDANT:  I do.

 8         THE COURT:  And the plea agreement the Government is

 9    going to address in a moment would have you agree to entry of

10    a charge, called an information, on that same charge, making a

11    false statement.  Do you understand that?

12         THE DEFENDANT:  I do understand.

13         THE COURT:  All right.  What the prosecutor is

14    stating is that if this case is not resolved by an agreement,

15    the Government intends to present to the Grand Jury, and at

16    trial if necessary, a slightly different charge, what she

17    referred to as an enhanced false statement charge, alleging

18    that there was connection to a terrorism investigation.  Do

19    you understand that?

20         THE DEFENDANT:  I do.

21         THE COURT:  Okay.  Now, I'm going to have Ms.

22    Richards review the terms of the plea agreement that she's

23    conveyed to Mr. Gill.  I'm then going to inquire of you and of

24    Mr. Gill about whether that information and that agreement

25    have been provided to you.  And then I'll inquire about --

Colloquy

1      THE DEFENDANT:  Yes, I was informed by Mr. Gill.

2      THE COURT:  Okay.  We're going to talk more about

3    that in detail later.  And then, to close the proceedings,

4    I'll inquire whether you wish to -- and you shouldn't answer

5    this question now -- whether you wish to proceed to trial and

6    plead not guilty, plead guilty -- or plead guilty with an

7    agreement.  We're not in a position to plead guilty without an

8    agreement at this point because you haven't been charged by

9    indictment.  But that's the process we're going to follow

10   today.

11     THE DEFENDANT:  Yes.

12     THE COURT:  Before we go further down that road,

13   because I am going to be asking you questions, I want to

14   remind you of your basic rights.

15     You have the right to remain silent.  That means

16   you're not required to say anything to anyone that might

17   incriminate you.  If you've already made a statement, you

18   don't need to continue.  If you start speaking, including here

19   today, you can stop at any time.  And if you chose to make a

20   statement, you have the right to have your attorney with you.

21   Do you understand those rights?

22     THE DEFENDANT:  I do.

23     THE COURT:  Okay.  The reason those rights are

24   important is that anything you say, whether it's to a judge or

25   to a friend, could be used against you in this case or in

Colloquy

1    other ways.  Do you understand that?

2            THE DEFENDANT:  I do.

3            THE COURT:  And you have a right to an attorney at

4    every stage of the case.  You're currently represented by Mr.

5    Gill, and he's your retained counsel.  But if at any point in

6    the future he's unable to represent you, you need to let the

7    Court know, and we'll make sure you have an attorney,

8    including appointing an attorney for you at the Court's

9    expense, if that's necessary.

10           THE DEFENDANT:  I do.

11           THE COURT:  All right.  So you two can be seated.

12           And Ms. Richards, if you can review the plea

13   agreement for us.

14           I'll ask the interpreter to stop us if we move too

15   quickly, although Ms. Richards is pretty good about that.

16           All right, Ms. Richards.

17           MS. RICHARDS:  Your Honor, I just want to say one

18   thing before we turn to the agreement as well.  What I have

19   laid out in terms of the charges that the defendant is likely

20   to face in the event that he wants to proceed, which is 100

21   percent his right.  I want a cabinet by saying currently, the

22   Government's intention is to present an indictment to the

23   grand jury tomorrow on that enhanced 1001 charge.  The

24   Government, however, is also reserving its right to charge him

25   with other potential crimes that we are still in the process

Colloquy

1   of investigating that are removed from the 1001.

2           So I just want the record to be clear in the event

3   that, somewhere down the road, the Government supersedes to,

4   say, add an unlicensed money remitting charge or something

5   along those lines.  I don't want that to catch either defense

6   counsel or the defendant by surprise.  I, however, am not in a

7   position currently to confirm that we will absolutely do that.

8           THE COURT:  All right.

9           MS. RICHARDS:  I just want -- again, I just want to

10  be cautious, given the current posture.

11          THE COURT:  I understand.

12          And Mr. Gill, that's clear to you, I take it?

13          MR. GILL:  It is now, Your Honor.

14          THE COURT:  Okay.  Thank you.

15          All right, Ms. Richards.

16          MS. RICHARDS:  With respect to the plea agreement as

17  we have spoken about, the plea agreement contemplates that he

18  would plea guilty to the charge that he's currently facing,

19  which is the basic 1001 charge.  Should he be convicted, he

20  could face a maximum penalty of five years in prison, not more

21  than one year of supervised release, and a 250,000-dollar

22  fine, as well as a 100-dollar special assessment.

23          The guideline stipulation that's included in this

24  plea, though, is particularly material.  It states that the

25  defendant's base defense level is 6; there are no additional

Colloquy

1    enhancements provided; there is a two-point subtraction for

2    acceptance of responsibility, resulting in a total base

3    defense level of 4.  The parties believe that the defendant

4    falls into a criminal history category of 1.  And so based on

5    that adjusted offense level of 4 and a criminal history

6    category of 1, the defendant would be looking at guideline

7    range of zero to six months in jail and a fine in the range of

8    500 to 9,500 dollars, as well as the supervised release term

9    of up to one year, and again, that special assessment.

10             The defendant, under this agreement, would be

11   reserving his right to argue that an appropriate sentence in

12   this case would be probation.  And most notably, the

13   Government is agreeing to take no position with respect to any

14   specific sentence within the guideline range, which includes

15   that of probation.

16             I note that, because his guideline range, as I

17   mentioned previously -- if he is, in fact, indicted and

18   ultimately convicted of lying in the course of a terrorism

19   investigation, his guideline range materially differs from

20   what's in this plea agreement.  Specifically, because of the

21   nature of that enhancement, he would be looking at an adjusted

22   offense level more in the neighborhood of 26.  An adjusted

23   defense level of 26 at a criminal history category of 1 would

24   give him a guideline range of sixty-three to seventy-eight

25   months.  And again, because the statutory maximum for the

Colloquy

1   enhancement jumps from five years to eight years, that

2   guideline range would, in fact, be the guideline range.  It

3   would not be reduced.

4          Additionally, I want to state that were the

5   Government to proceed as they intend to tomorrow to present an

6   indictment for the enhanced 1001 charge to the Grand Jury, if

7   the Grand Jury returns that charge, the plea agreement that is

8   currently before the Court and before the defendant will not

9   be made available to him again.  And any plea that he will be

10  facing would be a plea to that enhanced charge.

11         THE COURT:  All right.  I want to review one other

12  aspect of the proposed plea with you, which is that the

13  proposed agreement -- because right now you're charged by a

14  complaint, the agreement includes an agreement to waive your

15  right to proceed by an indictment returned by a grand jury.

16  And instead, you would consent to the filing of an

17  information.

18         So let me confirm, Mr. Gill, have you received a copy

19  of the proposed information?

20         MR. GILL:  I have, Your Honor.

21         THE COURT:  All right.

22         MR. GILL:  Proposed information?  Or --

23         THE COURT:  The information.

24         MR. GILL:  Yes, Your Honor, I have.

25         THE COURT:  And the proposed plea agreement?

Colloquy

1          MR. GILL:  I have, Your Honor.

2          THE COURT:  All right.  Before I canvas Mr. Khan and

3    Mr. Gill further, let me inquire, Ms. Richards, I know you've

4    indicated an intention to present this case to the grand jury

5    tomorrow.  If Mr. Khan indicated a willingness to enter into a

6    plea agreement along these lines, how long would he -- I

7    suppose he'd have to indicate by this evening, but it wouldn't

8    be presumably entered this evening.  So I just want to make

9    sure we're clear for the record about the expiration of this

10   offer.

11         MS. RICHARDS:  Absolutely, Your Honor.  And I

12   appreciate that.  As Your Honor knows, the preliminary hearing

13   date, or the deadline by which we would have to indict or

14   either have a preliminary hearing before Your Honor, I believe

15   is set for September 11th.  The grand jury that happens to sit

16   closest where I am sits today and tomorrow.  So unless there

17   was an extension of the preliminary hearing date, then no, we

18   would be proceeding -- I should note for the record that this

19   offer has been outstanding to the defendant since, I believe,

20   early August.  I'll defer a little bit to Mr. Gill because he

21   may have a more specific memory.  I had extended the general

22   offer.  He and I had had some negotiations, which resulted in

23   some amendments.  And I want to say it was the first week in

24   August or somewhere along there that I extended the end of the

25   actual agreement.

Colloquy

1          THE COURT:  All right.

2          MS. RICHARDS:  So he certainly had time to -- the

3     defendant has certainly had time to contemplate his options.

4          THE COURT:  All right.  And let me just -- there are

5     a couple of other material terms of the plea agreement --

6          MS. RICHARDS:  Sure.

7          THE COURT:  -- it seems to me, including the waiver

8     of right to appeal.  If you could just cover that before we --

9          MS. RICHARDS:  Absolutely, Your Honor.

10          THE COURT:  -- continue.

11          MS. RICHARDS:  So with respect to the waiver of the

12     right to appeal, by virtue of pleading guilty, one raises --

13     one waives their right to challenge the issue of their guilt.

14     And so it needs to be clear that by doing that, absent certain

15     constitutional issues with respect to malfeasance or

16     ineffective assistance of counsel, which he would never waive,

17     he would really be waiving the ability to challenge the fact

18     that he's guilty of this crime.

19          But additionally, under the terms of the agreement,

20     provided that he is -- provided that he is sentenced to -- his

21     sentence does not exceed six months in jail, a one-year term

22     of supervised release, a 100-dollar special assessment, and a

23     250,000-dollar fine, he's also waiving the right to challenge

24     his sentence and appeal his sentence.  And that means both in

25     a direct appeal as well as something that we call a collateral

Colloquy

1    challenge or a habeas petition.

2            THE COURT:  Oh.  Thank you.

3            All right.  Mr. Gill, you've heard Ms. Richards'

4    summary of the material terms of the plea agreement.  Do you

5    believe she's accurately summarized the terms of the agreement

6    as you understand it?

7            MR. GILL:  Yes, Your Honor, Ms. Richards has.  But --

8            THE COURT:  And it --

9            MR. GILL:  I was going to say, Your Honor, one thing

10   just for the record.  Although Ms. Richards has mentioned

11   before that if we do not accept this plea, that she does

12   intend to move forward with enhancement of the indictment, she

13   had not mentioned before that there could be other charges.  I

14   suppose the Government always has a right to do a superseding

15   indictment, but I just wanted to note it for the record that

16   that was the first that I'm hearing of there could be other

17   charges on this.  But I was aware of the enhanced terrorism

18   charges.

19           THE COURT:  All right.

20           MS. RICHARDS:  And, Your Honor, I confirm that.  That

21   may have taken Mr. Gill a little by surprise.

22           MR. GILL:  It did.

23           MS. RICHARDS:  So my apologies for that.  It just

24   struck me that I'm in that awkward place between trying to

25   create a record in an ongoing investigation.

Colloquy

1          THE COURT:  So I heard her as making sure to be clear

2     about that because she can't rule out the possibility.

3          MR. GILL:  Right, Your Honor.

4          THE COURT:  But she's plainly not intending at this

5     point to present that to the grand jury tomorrow.

6          MR. GILL:  Right.

7          THE COURT:  Okay.

8          MR. GILL:  I just wanted to make it clear for the

9     record, that's all.

10          THE COURT:  Okay.

11          THE COURT:  Have you informed Mr. Khan that this

12     offer has been made?

13          MR. GILL:  Yes, Your Honor, I have.

14          THE COURT:  And have you provided him a copy of the

15     proposed agreement?

16          MR. GILL:  Yes, Your Honor, I have.

17          THE COURT:  And have you, either on your own or with

18     the assistance of another interpreter, ensured that he had the

19     agreement translated for him?

20          MR. GILL:  Yes, Your Honor, I have translated the

21     agreement for him.

22          THE COURT:  Is it your belief that he understands the

23     agreement that's been proposed?

24          MR. GILL:  Yes, Your Honor, it is.

25          THE COURT:  And do you believe he also understands

Colloquy

1    the difference between the charge proposed here and the charge

2    the Government asserts it will attempt to seek an indictment

3    on?

4          MR. GILL:  Yes, Your Honor, I do.

5          THE COURT:  Mr. Khan, have you been informed by Mr.

6    Gill about this proposed plea?

7          THE DEFENDANT:  Yes.

8          THE COURT:  And have you had enough time to discuss

9    it with him?

10          THE DEFENDANT:  Yes.

11          THE COURT:  So right now, you really have two

12    choices.  One is to plead guilty and agree to the entry of an

13    information.  The other is to essentially do nothing, and the

14    Government has represented that they will take this case to

15    the grand jury and seek an indictment.  Do you understand

16    those two choices?

17          THE DEFENDANT:  I do.

18          THE COURT:  I want to make sure you understand that,

19    as I indicated, the Court has no view on whether you should

20    accept this agreement or reject it.  But I want to be sure you

21    understand it.  So let me inquire, do you have any questions

22    for the Court?

23          THE DEFENDANT:  No.

24          THE COURT:  Is there anything you'd like to discuss

25    with Mr. Gill before we turn to the question of whether you

Colloquy

1    accept this agreement or reject this agreement?

2         THE DEFENDANT:  I do not agree.  I'm rejecting this

3    agreement.

4         THE COURT:  Okay.  Do you wish to have any time to

5    speak with Mr. Gill before we take a final answer from you on

6    that?

7         MR. GILL:  Your Honor, could I have just two

8    minutes --

9         THE COURT:  Sure.

10        MR. GILL:  -- to confer with my client?

11        THE COURT:  Thank you.

12        MR. GILL:  All right.  Is it okay if we just step

13   outside, if that's all right?

14        MS. RICHARDS:  We could adjourn for a moment, Your

15   Honor.  I don't have any objections to that if Your Honor

16   doesn't.

17        MR. GILL:  It would really take just two minutes,

18   Your Honor.

19        THE COURT:  All right.  Then I'll just allow you two

20   to step outside, and we will confirm that nothing will happen

21   while you are out of the room.

22        MR. GILL:  I fully have --

23        THE COURT:  But for the record, Mr. Gill and Mr. Khan

24   are going to step outside.  Mr. Khan, you'll need to take off

25   the device.  And for the record, Mr. Gill, can you confirm for

Colloquy

1    the record, you and Mr. Khan, you speak the same language, so

2    that we will not need the interpreter when you step out?

3              MR. GILL:  I can confirm that, Your Honor.

4              THE COURT:  All right.  Thank you.  So you all can

5    step out through the gallery and come back when you're ready.

6              You can be seated, Ms. Richards.  Thank you.

7              (Pause)

8              THE CLERK:  Atty. Gill, just make sure your client

9    knows that the microphone is blinking green when he talking

10   through it.

11             MR. GILL:  Okay.

12             THE COURT:  All right.  For the record, Mr. Gill and

13   Mr. Khan are back at counsel table.

14             MR. GILL:  Thank you, Your Honor.

15             THE COURT:  All right.  Mr. Gill, have you consulted

16   with Mr. Khan about whether he wishes to enter into this

17   agreement or something similar, or whether he wishes to not do

18   so, understanding that that means the Government is likely to

19   present this case tomorrow to the grand jury?

20             MR. GILL:  Yes, Your Honor, I have consulted.

21             THE COURT:  And what is Mr. Khan's position at this

22   time?

23             MR. GILL:  He still wishes to reject the agreement.

24             THE COURT:  All right.  Mr. Khan, you have already

25   said it to me once, and I just need to confirm.  You have

Colloquy

1  rejected this agreement.

2          THE DEFENDANT:  Yes.

3          THE COURT:  Okay.  Let me inquire, Ms. Richards, is

4  there any need for further canvas from your perspective?

5          MS. RICHARDS:  No, Your Honor.  Thank you.

6          THE COURT:  Mr. Gill, from your perspective, anything

7  else we should address?

8          MR. GILL:  No, Your Honor.

9          THE COURT:  All right.  Then I think I need to make a

10  finding.  It's a little different than usual because of the

11  preindictment posture.  But the record should reflect the

12  Government has proposed a plea agreement to the defendant

13  through counsel.  The defendant has been informed by his

14  counsel, and again here in open court, of the material terms

15  of the proposed agreement, including the proposed waiver of

16  indictment.  He has been informed of the different maximum

17  penalties that would apply --

18          THE DEFENDANT:  Yes.

19          THE COURT:  -- if he were to proceed with the charge

20  in the information versus the charge the U.S. attorney

21  proposes.  And the U.S. attorney has posited, or suggested, a

22  difference in the potential guidelines ranges.  Mr. Khan has

23  had sufficient time to discuss the proposal with his counsel,

24  including here today, and has knowingly rejected the proposed

25  plea agreement.

Colloquy

1          So what we'll do is we'll simply note for the record

2     that we've concluded this proceeding.

3          Ms. Richards, we will wait to hear from the

4     Government tomorrow.  My note says our P.C. hearing date is

5     the 14th.

6          MS. RICHARDS:  Oh.

7          THE COURT:  But either way, and we'll wait to hear

8     back from you about an indictment.  And depending on the

9     assignment, either we will handle the arraignment or another

10    judge.

11         MS. RICHARDS:  Great.  Thank you, Your Honor.

12         THE COURT:  All right.  If there's nothing further,

13    we'll stand in recess.

14         MR. GILL:  Thank you, Your Honor.

15         THE CLERK:  All rise.  The United States District

16    Court is now in recess.

17              (Whereupon the above matter was concluded at 4:30

18    o'clock, p.m.)

19

20

21

22

23

24

25

1                      C E R T I F I C A T I O N

2

3              I, Paul T. Abramson, Official Court Transcriber for

4    the United States District Court for the District of

5    Connecticut, do hereby certify that the foregoing pages are a

6    true and accurate transcription of the proceedings in the

7    aforementioned matter to the best of my skill and ability.

8

9

10   Date: October 10, 2018

11

12

13

14   _____

15                    PAUL T. ABRAMSON

16                    eScribers, LLC
                 352 Seventh Avenue, Ste. #604
17                    New York, NY 10001
                      (973)406-2250
18              operations@escribers.net

19

20

21

22

23

24

25

## A

**ability (1)**
13:17
**above (1)**
20:17
**absent (1)**
13:14
**absolutely (3)**
9:7;12:11;13:9
**accept (5)**
3:16;4:2;14:11;
16:20;17:1
**acceptance (1)**
10:2
**according (1)**
3:11
**accurately (1)**
14:5
**actual (1)**
12:25
**actually (1)**
5:19
**add (1)**
9:4
**additional (1)**
9:25
**Additionally (2)**
11:4;13:19
**address (2)**
6:9;19:7
**adjourn (1)**
17:14
**adjusted (3)**
10:5,21,22
**afternoon (7)**
2:4,6,7,12,14,15,17
**again (6)**
5:25;9:9;10:9,25;
11:9;19:14
**against (1)**
7:25
**agree (3)**
6:9;16:12;17:2
**agreeing (1)**
10:13
**agreement (42)**
3:10,23;4:23;5:3;6:3,
8,14,22,24;7:7,8;8:13,
18;9:16,17;10:10,20;
11:7,13,14,14,25;12:6,
25;13:5,19;14:4,5;
15:15,19,21,23;16:20;
17:1,1,3;18:17,23;19:1,
12,15,25
**allegation (2)**
4:19;5:20
**alleged (1)**
4:20
**alleges (1)**
4:19
**alleging (2)**

5:18;6:17
**allow (1)**
17:19
**alone (1)**
4:3
**along (3)**
9:5;12:6,24
**although (2)**
8:15;14:10
**always (1)**
14:14
**amendments (1)**
12:23
**apologies (1)**
14:23
**appeal (4)**
13:8,12,24,25
**appearances (1)**
2:10
**applies (1)**
4:12
**apply (2)**
5:25;19:17
**appointing (1)**
8:8
**appreciate (1)**
12:12
**appropriate (1)**
10:11
**argue (1)**
10:11
**arraignment (1)**
20:9
**arrested (1)**
4:16
**aspect (1)**
11:12
**asserts (1)**
16:2
**assessment (3)**
9:22;10:9;13:22
**assignment (1)**
20:9
**assistance (2)**
13:16;15:18
**attempt (1)**
16:2
**attorney (9)**
3:20,20;5:11;7:20;
8:3,7,8;19:20,21
**Atty (1)**
18:8
**August (2)**
12:20,24
**available (1)**
11:9
**aware (2)**
4:16;14:17
**awkward (1)**
14:24

## B

**back (3)**
18:5,13;20:8
**bargains (1)**
3:11
**base (2)**
9:25;10:2
**based (1)**
10:4
**basic (3)**
5:1;7:14;9:19
**basis (1)**
4:22
**become (1)**
3:12
**begin (2)**
4:7;6:2
**beginning (1)**
2:10
**belief (1)**
15:22
**beneficial (1)**
5:14
**bit (1)**
12:20
**blinking (1)**
18:9
**both (2)**
5:10;13:24
**brought (1)**
4:12

## C

**cabinet (1)**
8:21
**call (1)**
13:25
**called (3)**
5:1,14;6:10
**can (9)**
4:8;5:13;7:19;8:11,
12;17:25;18:3,4,6
**canvas (2)**
12:2;19:4
**Case (11)**
2:9;4:14;5:10,17;
6:14;7:25;8:4;10:12;
12:4;16:14;18:19
**catch (1)**
9:5
**category (2)**
10:4,6,23
**cautious (1)**
9:10
**certain (1)**
13:14
**Certainly (3)**
4:15;13:2,3
**challenge (1)**
13:13,17,23;14:1
**changes (2)**
5:22,24
**charge (18)**

5:7;6:4,10,10,16,17;
8:23,24;9:4,18,19;11:6,
7,10;16:1,1;19:19,20
**charged (6)**
4:11,17;5:14;6:5;
7:8;11:13
**charges (6)**
4:9,12;8:19;14:13,
17,18
**choices (2)**
16:12,16
**chose (1)**
7:19
**clear (6)**
9:2,12;12:9;13:14;
15:1,8
**CLERK (3)**
2:2;18:8;20:15
**client (2)**
17:10;18:8
**close (1)**
7:3
**closest (1)**
12:16
**Code (2)**
4:18;5:17
**collateral (1)**
13:25
**commonly (1)**
3:6
**communicated (3)**
3:14,19;5:10
**complaint (6)**
4:9,17,17,22;6:5;
11:14
**concluded (2)**
20:2,17
**conducted (1)**
4:21
**confer (1)**
17:10
**confirm (9)**
3:13,16;9:7;11:18;
14:20;17:20,25;18:3,
25
**connection (1)**
6:18
**consent (1)**
11:16
**constitutional (1)**
13:15
**consulted (2)**
18:15,20
**contemplate (1)**
13:3
**contemplates (3)**
4:11,25;9:17
**continue (2)**
7:18;13:10
**convened (1)**
3:7
**conveyed (1)**
6:23

**convicted (4)**
5:21,23;9:19;10:18
**copy (2)**
11:18;15:14
**counsel (11)**
2:10;3:7,16;4:25;
8:5;9:6;13:16;18:13;
19:13,14,23
**count (1)**
5:1
**couple (1)**
13:5
**course (3)**
4:20;5:19;10:18
**COURT (75)**
2:4,8,14,17,20,23,25;
3:2,5,11,13,21,25;4:6;
5:5;6:2,8,13,21;7:2,12,
23;8:3,7,11;9:8,11,14;
11:8,11,21,23,25;12:2;
13:1,4,7,10;14:2,8,19;
15:1,4,7,10,11,14,17,
22,25;16:5,8,11,18,19,
22,24;17:4,9,11,19,23;
18:4,12,15,21,24;19:3,
6,9,14,19;20:7,12,16
**Court's (1)**
8:8
**cover (1)**
13:8
**create (1)**
14:25
**crime (1)**
13:18
**crimes (1)**
8:25
**criminal (7)**
4:17,17,22;6:5;10:4,
5,23
**current (1)**
9:10
**currently (6)**
6:5;8:4,21;9:7,18;
11:8

## D

**date (3)**
12:13,17;20:4
**deadline (1)**
12:13
**decision (2)**
4:1,2
**defendant (34)**
2:16;3:9,15,24;4:5,
16,20,23;5:21;6:7,12,
20;7:1,11,22;8:2,10,19;
9:6;10:3,6,10;11:8;
12:19;13:3;16:7,10,17,
23;17:2;19:2,12,13,18
**defendant's (1)**
9:25
**defense (4)**

9:5,25;10:3,23
**defer (1)**
12:20
**depending (1)**
20:8
**detail (1)**
7:3
**device (1)**
17:25
**difference (4)**
5:25;6:1;16:1;19:22
**different (4)**
5:24;6:16;19:10,16
**differs (1)**
10:19
**direct (1)**
13:25
**directed (1)**
4:24
**direction (1)**
6:1
**discuss (3)**
16:8,24;19:23
**District (1)**
20:15
**dollars (1)**
10:8
**down (2)**
7:12;9:3

**E**

**early (1)**
12:20
**eight (1)**
11:1
**either (5)**
9:5;12:14;15:17;
20:7,9
**else (1)**
19:7
**end (1)**
12:24
**enhanced (7)**
5:15,16;6:17;8:23;
11:6,10;14:17
**enhancement (4)**
5:21;10:21;11:1;
14:12
**enhancements (2)**
5:24;10:1
**enough (1)**
16:8
**ensure (2)**
3:8,18
**ensured (1)**
15:18
**enter (4)**
3:10,23;12:5;18:16
**entered (1)**
12:8
**entry (2)**
6:9;16:12

**essential (1)**
3:13
**essentially (3)**
4:19;5:16;16:13
**evening (2)**
12:7,8
**event (2)**
8:20;9:2
**everybody (1)**
2:4
**exceed (1)**
13:21
**exchange (1)**
2:21
**expense (1)**
8:9
**expiration (1)**
12:9
**explain (1)**
5:25
**expressed (1)**
5:6
**extended (2)**
12:21,24
**extension (1)**
12:17

**F**

**face (3)**
5:22;8:20;9:20
**facing (2)**
9:18;11:10
**fact (3)**
10:17;11:2;13:17
**Faisal (1)**
2:15
**falls (1)**
10:4
**false (4)**
4:19;6:6,11,17
**Fareed (1)**
2:9
**FBI (1)**
4:21
**few (1)**
2:21
**filing (1)**
11:16
**final (1)**
17:5
**finding (1)**
19:10
**fine (3)**
9:22;10:7;13:23
**first (6)**
4:8,9,10;5:5;12:23;
14:16
**five (2)**
9:20;11:1
**follow (1)**
7:9
**form (1)**

4:24
**forth (1)**
5:8
**forward (1)**
14:12
**friend (1)**
7:25
**Frye (2)**
3:6,8
**fully (1)**
17:22
**further (4)**
7:12;12:3;19:4;
20:12
**future (1)**
8:6

**G**

**gallery (1)**
18:5
**general (1)**
12:21
**GILL (52)**
2:7,15,15;5:6,12;
6:23,24;7:1:8:5;9:12,
13;11:18,20,22,24;
12:1,3,20;14:3,7,9,21,
22;15:3,6,8,13,16,20,
24;16:4,6,25;17:5,7,10,
12,17,22,23,25;18:3,8,
11,12,14,15,20,23;
19:6,8;20:14
**Gill's (1)**
5:11
**given (1)**
9:10
**Good (8)**
2:4,6,7,12,14,15,17;
8:15
**Government (21)**
2:11,13;3:7,9,14;4:3,
13;5:6,20;6:8,15;8:24;
9:3;10:13;11:5;14:14;
16:2,14;18:18;19:12;
20:4
**Government's (3)**
3:19;5:12;8:22
**grand (11)**
4:13;6:15;8:23;11:6,
7,15;12:4,15;15:5;
16:15;18:19
**Great (1)**
20:11
**green (1)**
18:9
**guideline (9)**
5:24;9:23;10:6,14,
16,19,24;11:2,2
**guidelines (1)**
19:22
**guilt (1)**
13:13

**guilty (11)**
4:1,2,25;7:6,6,6,7;
9:18;13:12,18;16:12

**H**

**habeas (1)**
14:1
**handle (1)**
20:9
**happen (1)**
17:20
**happens (1)**
12:15
**happy (2)**
5:2,25
**Hayes (1)**
5:11
**hear (2)**
20:3,7
**heard (2)**
14:3;15:1
**hearing (9)**
3:6,6,8,18;12:12,14,
17;14:16;20:4
**history (3)**
10:4,5,23
**Honor (38)**
2:6,7,12,15,18;4:15,
16;5:3,9;8:17;9:13;
11:20,24;12:1,11,12,
14;13:9;14:7,9,20;
15:3,13,16,20,24;16:4;
17:7,15,15,18;18:3,14,
20;19:5,8;20:11,14
**Honorable (1)**
2:2
**Honor's (1)**
6:1

**I**

**important (2)**
3:12;7:24
**included (1)**
9:23
**includes (2)**
10:14;11:14
**including (5)**
7:18;8:8;13:7;19:15,
24
**incriminate (1)**
7:17
**indicate (1)**
12:7
**indicated (3)**
12:4,5;16:19
**indict (1)**
12:13
**indicted (1)**
10:17
**indictment (10)**
7:9;8:22;11:6,15;

14:12,15;16:2,15;
19:16;20:8
**ineffective (1)**
13:16
**information (9)**
5:8;6:10,24;11:17,
19,22,23;16:13;19:20
**informed (5)**
7:1;15:11;16:5;
19:13,16
**inquire (8)**
2:20;5:5;6:23,25;
7:4;12:3;16:21;19:3
**instead (1)**
11:16
**intend (2)**
11:5;14:12
**intending (1)**
15:4
**intends (1)**
6:15
**intention (4)**
5:7,12;8:22;12:4
**interest (1)**
3:22
**interpreter (10)**
2:18,18,22,24;3:1,3,
4;8:14;15:18;18:2
**into (5)**
3:10,23;10:4;12:5;
18:16
**investigating (1)**
9:1
**investigation (5)**
4:21;5:19;6:18;
10:19;14:25
**issue (1)**
13:13
**issues (1)**
13:15

**J**

**jail (2)**
10:7;13:21
**judge (2)**
7:24;20:10
**jumps (1)**
11:1
**jury (11)**
4:13;6:15;8:23;11:6,
7,15;12:4,15;15:5;
16:15;18:19

**K**

**Khan (17)**
2:9,21;5:7,7,18;6:3;
12:2,5;15:11;16:5;
17:23,24;18:1,13,16,
24;19:22
**Khan's (1)**
18:21

**knowingly (1)**
  19:24
**known (1)**
  3:6
**knows (2)**
  12:12;18:9

## L

**laid (1)**
  8:19
**language (1)**
  18:1
**later (1)**
  7:3
**least (1)**
  5:3
**letter (1)**
  4:24
**level (5)**
  9:25;10:3,5,22,23
**lied (2)**
  4:20;5:19
**likely (2)**
  8:19;18:18
**lines (2)**
  9:5;12:6
**little (3)**
  12:20;14:21;19:10
**long (1)**
  12:6
**looking (2)**
  10:6,21
**lying (1)**
  10:18

## M

**making (4)**
  6:2,6,10;15:1
**malfeasance (1)**
  13:15
**material (5)**
  5:3;9:24;13:5;14:4;
  19:14
**materially (1)**
  10:19
**matter (3)**
  2:8;3:5;20:17
**maximum (4)**
  5:22;9:20;10:25;
  19:16
**May (3)**
  2:20;12:21;14:21
**means (3)**
  7:15;13:24;18:18
**memory (1)**
  12:21
**mentioned (3)**
  10:17;14:10,13
**Merriam (1)**
  2:3
**microphone (1)**

**18:9**
**Mid-sentence (1)**
  2:2
**might (2)**
  4:12;7:16
**minutes (2)**
  17:8,17
**moment (2)**
  6:9;17:14
**money (1)**
  9:4
**months (3)**
  10:7,25;13:21
**more (4)**
  7:2;9:20;10:22;
  12:21
**most (1)**
  10:12
**move (2)**
  8:14;14:12
**mutually (1)**
  5:13

## N

**nascent (1)**
  5:10
**nature (1)**
  10:21
**necessary (2)**
  6:16;8:9
**need (8)**
  5:18;7:18;8:6;17:24;
  18:2,25;19:4,9
**needs (1)**
  13:14
**negotiations (1)**
  12:22
**neighborhood (1)**
  10:22
**notably (1)**
  10:12
**note (5)**
  10:16;12:18;14:15;
  20:1,4
**notice (1)**
  3:9
**number (1)**
  2:9

## O

**objections (1)**
  17:15
**O'CLOCK (2)**
  2:1;20:18
**off (1)**
  17:24
**offense (2)**
  10:5,22
**offer (10)**
  3:9,13,14,17;4:3,11;
  12:10,19,22;15:12

**offered (1)**
  4:23
**once (1)**
  18:25
**one (8)**
  8:17;9:21;10:9;
  11:11;13:12,13;14:9;
  16:12
**one-year (1)**
  13:21
**ongoing (1)**
  14:25
**only (2)**
  3:18;5:22
**open (1)**
  19:14
**opinion (1)**
  3:22
**opportunity (2)**
  2:21;3:15
**options (2)**
  3:21;13:3
**out (5)**
  8:19;15:2;17:21;
  18:2,5
**outside (3)**
  17:13,20,24
**outstanding (1)**
  12:19
**own (1)**
  15:17

## P

**part (1)**
  3:12
**particular (1)**
  4:2
**particularly (1)**
  9:24
**parties (1)**
  10:3
**Pause (1)**
  18:7
**PC (1)**
  20:4
**penalties (1)**
  19:17
**penalty (1)**
  9:20
**pending (1)**
  4:9
**percent (1)**
  8:21
**Perfectly (1)**
  3:1
**perspective (2)**
  19:4,6
**petition (1)**
  14:1
**place (1)**
  14:24
**plainly (1)**

**15:4**
**plea (28)**
  3:10,11,13,23;4:11,
  23;5:2;6:3,8,22;8:12;
  9:16,17,18,24;10:20;
  11:7,9,10,12,25;12:6;
  13:5;14:4,11;16:6;
  19:12,25
**plead (8)**
  4:1,11,25;7:6,6,6,7;
  16:12
**pleading (1)**
  13:12
**Please (2)**
  2:4,10
**PM (2)**
  2:1;20:18
**point (3)**
  7:8;8:5;15:5
**posited (1)**
  19:21
**position (4)**
  7:7;9:7;10:13;18:21
**possibility (1)**
  15:2
**posture (2)**
  9:10;19:11
**potential (2)**
  8:25;19:22
**preindictment (1)**
  19:11
**preliminary (3)**
  12:12,14,17
**present (6)**
  6:15;8:22;11:5;12:4;
  15:5;18:19
**presiding (1)**
  2:3
**presumably (1)**
  12:8
**pretty (1)**
  8:15
**previously (1)**
  10:17
**prior (1)**
  5:11
**prison (2)**
  5:23;9:20
**probation (2)**
  10:12,15
**proceed (6)**
  4:13;7:5;8:20;11:5,
  15;19:19
**proceeding (2)**
  12:18;20:2
**proceedings (1)**
  7:3
**process (3)**
  3:12;7:9;8:25
**proposal (1)**
  19:23
**proposed (14)**
  6:4;11:12,13,19,22,

**25;15:15,23;16:1,6;**
  19:12,15,15,24
**proposes (1)**
  19:21
**prosecutor (1)**
  6:13
**prove (1)**
  5:18
**provided (5)**
  6:25;10:1;13:20,20;
  15:14
**provision (1)**
  5:16
**purpose (2)**
  3:8,18

## Q

**quickly (1)**
  8:15

## R

**raises (1)**
  13:12
**range (9)**
  5:24;10:7,7,14,16,19,
  24;11:2,2
**ranges (1)**
  19:22
**ready (1)**
  18:5
**really (3)**
  13:17;16:11;17:17
**reason (1)**
  7:23
**received (2)**
  3:9;11:18
**recess (2)**
  20:13,16
**record (14)**
  2:10;9:2;12:9,18;
  14:10,15,25;15:9;
  17:23,25;18:1,1,12;
  19:11;20:1
**reduced (1)**
  11:3
**referred (1)**
  6:17
**reflect (1)**
  19:11
**reject (4)**
  3:17;16:20;17:1;
  18:23
**rejected (2)**
  19:1,24
**rejecting (1)**
  17:2
**release (3)**
  9:21;10:8;13:22
**remain (1)**
  7:15
**remind (1)**

7:14
**remitting (1)**
  9:4
**removed (1)**
  9:1
**represent (1)**
  8:6
**represented (2)**
  8:4;16:14
**request (1)**
  3:7
**required (1)**
  7:16
**reserving (2)**
  8:24;10:11
**resolution (1)**
  5:13
**resolved (1)**
  6:14
**respect (4)**
  9:16;10:13;13:11,15
**responsibility (1)**
  10:2
**resulted (1)**
  12:22
**resulting (1)**
  10:2
**retained (1)**
  8:5
**returned (1)**
  11:15
**returns (1)**
  11:7
**review (4)**
  6:3,22;8:12;11:11
**RICHARDS (31)**
  2:6,12,13;4:7,15;5:9;
  6:22;8:12,15,16,17;9:9,
  15,16;12:3,11;13:2,6,9,
  11;14:7,10,20,23;
  17:14;18:6;19:3,5;
  20:3,6,11
**Richards' (1)**
  14:3
**right (42)**
  3:2,5,25;4:6;6:2,13;
  7:15,20;8:3,11,16,21,
  24;9:8,15;10:11;11:11,
  13,15,21;12:2;13:1,4,8,
  12,13,23;14:3,14,19;
  15:3,6;16:11;17:12,13,
  19;18:4,12,15,24;19:9;
  20:12
**rights (3)**
  7:14,21,23
**rise (1)**
  20:15
**road (2)**
  7:12;9:3
**room (1)**
  17:21
**rule (1)**
  15:2

**S**

**same (2)**
  6:10;18:1
**Sarah (1)**
  2:2
**saying (1)**
  8:21
**seat (1)**
  4:8
**seated (4)**
  2:5;4:6;8:11;18:6
**seek (2)**
  16:2,15
**seems (1)**
  13:7
**sentence (6)**
  5:23;10:11,14;13:21,
  24,24
**sentenced (1)**
  13:20
**September (1)**
  12:15
**set (2)**
  5:8;12:15
**seventy-eight (1)**
  10:24
**sic (1)**
  5:11
**silent (1)**
  7:15
**similar (2)**
  5:16;18:17
**simply (1)**
  20:1
**sit (1)**
  12:15
**sits (1)**
  12:16
**six (2)**
  10:7;13:21
**sixty-three (1)**
  10:24
**slightly (1)**
  6:16
**somewhere (2)**
  9:3;12:24
**speak (3)**
  3:15;17:5;18:1
**speaking (1)**
  7:18
**special (3)**
  9:22;10:9;13:22
**specific (2)**
  10:14;12:21
**Specifically (1)**
  10:20
**spoken (1)**
  9:17
**stage (1)**
  8:4
**stages (1)**

5:10
**stand (2)**
  6:4;20:13
**start (1)**
  7:18
**state (1)**
  11:4
**statement (6)**
  4:19;6:6,11,17;7:17,
  20
**States (5)**
  2:8;4:18;5:17;9:24;
  20:15
**stating (1)**
  6:14
**statutory (1)**
  5:22;10:25
**step (5)**
  17:12,20,24;18:2,5
**still (2)**
  8:25;18:23
**stipulation (1)**
  9:23
**stop (2)**
  7:19;8:14
**struck (1)**
  14:24
**subtraction (1)**
  10:1
**succeed (1)**
  5:20
**sufficient (1)**
  19:23
**suggested (1)**
  19:21
**summarized (1)**
  14:5
**summary (1)**
  14:4
**supersedes (1)**
  9:3
**superseding (1)**
  14:14
**supervised (3)**
  9:21;10:8;13:22
**suppose (2)**
  12:7;14:14
**Supreme (1)**
  3:11
**sure (12)**
  3:20,21,25;6:3;8:7;
  12:9;13:6;15:1;16:18,
  20;17:9;18:8
**surprise (2)**
  9:6;14:21
**sworn (2)**
  3:3,4

**T**

**table (1)**
  18:13
**talk (1)**

7:2
**talking (1)**
  18:9
**Tejwani (1)**
  2:19
**ten-page (1)**
  4:24
**term (2)**
  10:8;13:21
**terms (10)**
  5:2,4,23;6:22;8:19;
  13:5,19;14:4,5;19:14
**terrorism (4)**
  5:19;6:18;10:18;
  14:17
**though (1)**
  9:24
**Title (2)**
  4:18;5:17
**today (4)**
  7:10,19;12:16;19:24
**tomorrow (7)**
  8:23;11:5;12:5,16;
  15:5;18:19;20:4
**total (1)**
  10:2
**translated (2)**
  15:19,20
**trial (3)**
  5:20;6:16;7:5
**trying (1)**
  14:24
**turn (2)**
  8:18;16:25
**two (7)**
  4:6;8:11;16:11,16;
  17:7,17,19
**two-point (1)**
  10:1

**U**

**ultimately (2)**
  5:13;10:18
**unable (1)**
  8:6
**under (2)**
  10:10;13:19
**understands (2)**
  15:22,25
**United (4)**
  2:8;4:18;5:17;20:15
**unless (1)**
  12:16
**unlicensed (1)**
  9:4
**up (1)**
  10:9
**used (1)**
  7:25
**usual (1)**
  19:10

**V**

**Vanessa (1)**
  2:12
**Varuna (1)**
  2:19
**versus (1)**
  19:20
**view (1)**
  16:19
**violation (1)**
  4:18;5:1
**virtue (1)**
  13:12

**W**

**wait (2)**
  20:3,7
**waive (2)**
  11:14;13:16
**waiver (3)**
  13:7,11;19:15
**waives (1)**
  13:13
**waiving (2)**
  13:17,23
**wants (1)**
  8:20
**way (1)**
  20:7
**ways (1)**
  8:1
**week (1)**
  12:23
**what's (4)**
  3:19;5:1,14;10:20
**Whereupon (1)**
  20:17
**willingness (1)**
  12:5
**wish (3)**
  7:4,5;17:4
**wishes (4)**
  3:16;18:16,17,23
**within (1)**
  10:14
**without (1)**
  7:7
**words (1)**
  2:21

**Y**

**year (2)**
  9:21;10:9
**years (3)**
  9:20;11:1,1

**Z**

**zero (1)**

UNITED STATES OF AMERICA v.
FAREED AHMED KHAN

September 5, 2018

10:7

## 1

**1 (3)**
10:4,6,23
**100 (1)**
8:20
**1001 (9)**
4:18;5:1,15,16,17;
8:23;9:1,19;11:6
**100-dollar (2)**
9:22;13:22
**11th (1)**
12:15
**14th (1)**
20:5
**18 (2)**
4:18;5:17

## 2

**250,000-dollar (2)**
9:21;13:23
**26 (2)**
10:22,23

## 3

**3:17-mj-1418 (1)**
2:9

## 4

**4 (2)**
10:3,5
**4:03 (1)**
2:1
**4:30 (1)**
20:17

## 5

**500 (1)**
10:8

## 6

**6 (1)**
9:25

## 9

**9,500 (1)**
10:8